# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kristopher James Rooks and Candice Morgan Rooks, | 2:17-cv-01885-JAD-CWH |
| Plaintiffs | **Order Denying Motion for Temporary Restraining Order** |
| v. | [ECF No. 1] |
| J. Greg Edwards and Alice Edwards, | |
| Defendants | |

Plaintiffs Kristopher and Candice Rooks are Native American, and their children are currently the subject of a custody dispute in a Tennessee state court. The Rookses seek a temporary restraining order of that state court proceeding because they believe that someone might have violated, or be about to violate, the Indian Child Welfare Act, 25 U.S.C. § 1912. Temporary restraining orders are only for emergencies because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard . . . [has been given to] both sides of a dispute."[1] This is why plaintiffs must meet a "high hurdle" to show both that they are likely to succeed on the merits of their claims and that they will be irreparably harmed if they are not given an injunction.[2] The Rookses have shown neither.

TROs are evaluated on the preliminary-injunction factors: the movants bear the burden to show that (1) they are likely to succeed on a substantive claim for relief; (2) they will likely be irreparably harmed if I do not grant immediate relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest.[3] Additionally, the Rookses must meet the "high

---

[1] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423 (1974).

[2] *Stanchart Sec. Int'l, Inc. v. Galvadon*, 2012 WL 5286952, at *1 (S.D. Cal. Oct. 24, 2012).

[3] *V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013); *see also* FRCP 65(b); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

hurdle" of showing that "immediate relief is necessary."[4]  I have wide discretion to decide whether to grant a TRO.[5]

As a preliminary note, the Rookses failed to attach an affidavit that includes specific facts supporting their request, which is expressly required by Federal Rule of Civil Procedure 65(b)(1). This is reason enough to deny their motion.  But even if I were to consider the TRO factors, their motion falls short.

**A.      Likelihood of success on the merits**

The Rookses have not filed a complaint and they do not precisely explain what claims they plan to bring in federal court.  They do mention the Indian Child Welfare Act ("ICWA") and that two people are litigating custody of their children in a Tennessee state court.  The only claim I can therefore deduce from the motion is that someone violated the ICWA.

The ICWA sets out "minimum standards for the placement of Indian children by state courts and provid[es] procedural safeguards to insure that parental rights are protected."[6]  These safeguards include a requirement that the party moving for custody notify the child's tribe of the proceeding and make "active efforts . . . to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."[7]  There are also rules that apply to courts that adjudicate the custody of Native American children; for example, courts must make certain findings before terminating parental rights.[8]

The Rookses have provided virtually no information about the nature of their claims, much less evidence from which I could deduce that they are likely to succeed on them.  Most importantly, the Rookses provide no evidence suggesting that anyone violated the ICWA.  They do not allege that

---

[4] *Stanchart*, 2012 WL 5286952, at *1.

[5] *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

[6] *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 56–57 (1989).

[7] 25 U.S.C. § 1912(d).

[8] 25 U.S.C. § 1912(f).

they had custody of their children, which is a requirement of a ICWA notice claim.[9] They do not provide any facts about whether the parties seeking custody of their children failed to notify the relevant tribes, which is also a necessary component of an ICWA notice claim.[10] Nor have they provided any evidence or allegation suggesting that the parties seeking custody have failed to take active efforts to prevent the breakup of the family. Finally, they do not provide any allegations or evidence about anything the Tennessee court did that might violate the ICWA.

And even if the Rookses had articulated what claims they are bringing and had evidence to support those claims, I would likely abstain from this case anyway under *Younger v. Harris*, 401 U.S. 37 (1971). I must abstain in a case if state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.[11]

A state proceeding is ongoing to settle the custody of the Rookses' children, custody raises important state interests, and I have no reason to think that Tennessee's state courts are unwilling or unable to give the Rookses an adequate opportunity to litigate their ICWA arguments.[12] I would thus likely abstain from this case even if the Rookses had provided the facts necessary to support their motion.[13] In short, the Rookses fail to allege what claims they might be successful on, much less evidence to support those claims. This factor therefore weighs heavily against an injunction.

**B.      Irreparable harm**

Because I have no facts about the current state proceeding, I cannot determine whether the Rookses stand to be irreparably harmed absent an injunction. All I know about this state proceeding is that it concerns custody of the Rookses' children and that a hearing is set in the near future. This

---

[9] *Adoptive Couple v. Baby Girl*, 133 S. Ct. 2552, 2562 (2013).

[10] 25 U.S.C. § 1912.

[11] *Hirsh v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

[12] *S.P. ex rel. Parks v. Native Vill. of Minto*, 443 F. App'x 264, 265 (9th Cir. 2011).

[13] *See Confederated Tribes of Colville Reservation v. Superior Court of Okanogan Cty.*, 945 F.2d 1138, 1141 (9th Cir. 1991) (affirming federal district court's abstention on plaintiff's ICWA claim because the state court process had not yet had a chance to review them).

says nothing about how the Rookses will be irreparably harmed if I do not grant them an immediate injunction. They have not alleged, for example, that their parental rights will be terminated at this next hearing. And they have not explained why they are unable to make these arguments to the Tennessee court handling this case or why they won't be able to do so on appeal. This factor also weighs against an injunction.

**C.    The other TRO factors**

The other TRO factors are not especially helpful. The Rookses offer no analysis of these factors. I cannot say that the balance of equities or the public interest tips in their favor when I do not even know the nature of their claims. I thus find that the Rookses have failed to satisfy any of the TRO factors and that their motion must therefore be denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' **Motion for Temporary Restraining Order [ECF 1] is DENIED.**

Dated this 11th day of July, 2017

_____
Jennifer A. Dorsey
United States District Judge